UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>           Plaintiff,<br><br>     v.<br><br>TAMMY CAMPBELL, et al.<br><br>           Defendants. | No. 1:22-cv-01549-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 23) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed October 24, 2023.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

1

1 | "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On or about February/March 2020, Governor Newsom declared a State of Emergency in response to the COVID pandemic.

On or about April 10, 2020, California Department of Corrections and Rehabilitation (CDCR), Warden K. Clark, Chief Executive Officer E. McDaniel received and/or issued a memorandum relating to deep cleaning protocols which mandated: social distancing of six feet, disinfection of showers after each use, face masks, disinfection of all restraints, deep cleaning of

inmate showers, and weekly COVID testing for both inmates and staff.

The deep cleaning protocols are done by prisoners who are assigned as porters. There are no porters in Facility 4A administrative segregation and the correctional officers are mandated to conduct all COVID cleaning safety protocols.

On or about April-June 2020, when Plaintiff was assigned as a porter in Facility 3C Unit 1 (3C01) Plaintiff and all the other porters were mandated to take a three to four hour course about the safe handling and correct utilization of cell block 64 sanitizer/disinfectant which was the primary cleaning source. Staff never cleaned anything in conformity with the cleaning safety protocols.

When a COVID vaccination became available in late 2020, Plaintiff received his first of two Moderna vaccinations on February 5, 2021. Plaintiff alleges he is at a "high risk" of being infected due to being overweight, HCV positive, elevated liver enzymes, HEP C, stage 3 liver cirrhosis, squamous cell carcinoma, GERA, and osteoarthritis.

On May 21, 2021, while housed on Facility C at California State Prison-Corcoran (CSP-COR), Plaintiff was involved in an incident wherein he stabbed another prisoner and received a serious Rules Violation Report for attempted murder. After receiving medical treatment in the infirmary, Plaintiff was assigned to Facility 4A on July 21, 2021. There are no inmate porters assigned to Facility 4A.

Upon information and belief, on the first Wednesday of every month all facility staff receive "training" during their respective watch while all facility prisoners are subject to "1st Watch Status."  As a former inmate porter, who was required to take the cell block 64 disinfectant course, Plaintiff noticed that administrative segregation officers refused and failed to adhere COVID safety protocols regarding cleaning and disinfecting the shower area.

Between August 2021 and February 2022, Plaintiff told Defendants Bueno, Gurrola, Anaya, Tomzek, Alvarado, Gutierrez, Cimus, and Morrow that the officers were supposed to disinfect the shower area. Staff does not clean the shower area, but rather pays prisoners with extra food to clean the shower area.

///

Between January and July 2022, Plaintiff noticed a COVID screening station at the entrance of the prison.  Anyone showing COVID symptoms would be denied entrance and sent home.  Defendants Allison, Gipson, Clark, and McDaniel were deliberately indifferent by removing the screening station sometime between November 2021 and January 2022.

Between July 2021 and January 2022, while in administrative segregation, Plaintiff was required to take approximately 4-6 COVID tests due to "possible exposure" and "contact" with a staff member who recently tested positive for COVID.

On or about January 4-5, 2022, Plaintiff started to experience COVID symptoms.  On January 8, 2022, Plaintiff tested positive for COVID and he was placed in quarantine for 10 days.  During quarantine, Plaintiff was offered Sotrovimab to treat COVID which he received at the treatment center.  Plaintiff contends he was infected by prison staff, not prisoners, because he was single celled and had no physical contact with other prisoners.

In November-December 2021, there was a surge of COVID infections in just about all CDCR facilities.  On January 6, 2022, Defendants Allison and Gipson responded to the surge by placing all prisoners on a 15 days modified program.  Plaintiff alleges Defendants Allison, Gipson, Clark, and McDaniel were deliberately indifferent to the spread of COVID by failing to stop the mixing of prison staff from working among different facilities as "rovers."  These Defendants were also deliberately indifferent by removing the screening station sometime between November 2021 and January 2022.  Plaintiff submits that he would not have contracted COVID if the screening station had not been removed because it would have prevented staff from entering the facilities who were asymptomatic.  In the alternative, Plaintiff contracted COVID from Defendants Bueno, Gurolla, Anaya, Tomzek, Alvarado, and Gutierrez by their refusal to comply with the safety and cleaning protocols.

On January 20, 2022, Plaintiff filed an inmate grievance complaining that prison officials were failing to enforce and comply with the COVID safety and cleaning protocols by properly social distancing and wearing face masks.  On February 1, 2022, Defendant Campbell granted Plaintiff grievance stating that staff were following COVID protocols.  On March 2, 2022, Plaintiff filed an appeal of the grievance.

On January 24, 2022, Plaintiff filed another grievance complaining that staff were not following COVID safety and cleaning protocols, which was granted by Campbell who provided 4 spray bottles of disinfectant.

On February 3, 2022, Plaintiff wrote a letter to Director Joseph Bick and received a response on March 16, 2022, stating to address his concerns through the appropriate channels at his institution.

On March 24, 2022, Gipson and Bick issued a memorandum ("HEPA filtration memo") which provided directions for units to be utilized during group activities and programing. Defendants were deliberately indifferent by failing to comply with the filtration memo.

Defendants were aware of the serious and excessive risk to COVID and the number of deaths that had occurred.

### III.

### DISCUSSION

**A.    Federal Rule of Civil Procedure 8**

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Conclusory allegations are insufficient. See Ashcroft v. Iqbal, 556 U.S. at 678, 686. "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (citations and quotations omitted). Conclusory allegations are insufficient to state any cognizable claim for relief. See Ashcroft v. Iqbal, 556 U.S. at 678, 686 (plaintiff must allege more than an "unadorned, the-defendant-unlawfully-harmed me accusation"); a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do") (citations and quotations omitted).

The first amended complaint, which is 32 pages long, contains numerous repetitive and conclusory allegations.  Such a lengthy, redundant and confused pleading is insufficient under

Rule 8. See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, 637 F.3d 1047, 1058-59 (9th Cir. 2011). Furthermore, Plaintiff fails to allege in a clear fashion what each Defendant did or did not do to violate Plaintiff's rights. Although the pleading appears to contain numbered paragraphs containing allegations against each Defendant, these paragraphs continue for pages, and some of these paragraphs appear to contain allegations against other Defendants. Some of Plaintiff's factual allegations are also unclear.

Additionally, Plaintiff's repeated use of the term "defendants" without specifically identifying which defendant Plaintiff intends to reference is confusing and insufficient under Rule 8. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (to state a cognizable section 1983 claim, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights"); McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint is subject to dismissal if one cannot determine from the complaint who is being sued and for what relief); Fagbohungbe v. Caltrans, 2014 WL 644008, at *3 n.4 (N.D. Cal. Feb. 19, 2014) ("The general allegation regarding 'defendants' is ... insufficient on its face because it does not identify which specific defendants ..."); Chevalier v. Ray & Joan Kroc Corps. Cmty. Ctr., 2012 WL 2088819, at *2 (N.D. Cal. June 8, 2012) (complaint that failed to "identify which wrongs were committed by which Defendant" insufficient).

**B.   Supervisor Liability**

Insofar as Plaintiff is sue certain Defendants based solely upon his/her supervisory role, he may not do so.

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an

official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Corales v. Bennett, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations or the failure to train or supervise are not sufficient to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### C. Exposure to COVID-19

"[T]he Eighth Amendment applies to conditions of confinement that are not formally imposed as a sentence for a crime." Helling v. McKinney, 509 U.S. 25, 29 (1993). The Supreme Court has recognized that the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety,' " and "[i]t is "cruel and unusual punishment to hold convicted criminals in unsafe conditions." Id. at 33 (citations omitted).  Such Eighth Amendment claims are analyzed through a two-pronged inquiry. Id. at 35-37. Under the objective prong, the prisoner must establish "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." Id. at 36. The subjective prong "requires an inquiry into the prison officials' state of mind" based on the "deliberate indifference"

standard. Id. at 32. A prison official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Prison officials have a duty to protect inmates from serious communicable diseases. Helling v. McKinney, 509 U.S. at 33 (finding prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease"); Hutto v. Finney, 437 U.S. 678, 682-83 (1978) (affirming a finding of an Eighth Amendment violation where a facility housed individuals in crowded cells with others suffering from infectious diseases, such as Hepatitis and venereal disease, and the individuals' "mattresses were removed and jumbled together each morning, then returned to the cells at random in the evening"); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007) (recognizing a cause of action under the Eighth Amendment and 42 U.S.C. § 1983 for an alleged policy of not screening inmates for infectious diseases - HIV, Hepatitis C, and Heliobacter pylori - and for housing contagious and healthy individuals together during a known "epidemic of hepatitis C"); Maney v. Hall, 2021 WL 354384, at *12 (D. Or. Feb. 2, 2021) (citing cases recognizing prison officials' duty to protect inmates from exposure to communicable diseases under the Eighth Amendment).

There is no question that COVID-19 is a serious communicable disease and courts have so held. See Plata v. Newsom, 445 F.Supp.3d 557, 559 (N.D. Cal. 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.); Kuykendall v. Superior Ct. of California, No. 2:20-cv-1590 KJN P, 2020 WL 6582163, at *3 (E.D. Cal. Nov. 10, 2020)

The bare allegations of the existence of a disease and the contraction of the disease simply are not enough to state a claim against any defendant for deliberate indifference. It is " 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' " Farmer, 511 U.S. at 834 (internal quotation marks, emphasis, and citations omitted). "To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind,' " which is one of "deliberate indifference" to inmate health or safety. Id.

///

The Court recognizes that "[p]risons present unique concerns regarding the spread of this virus; by their very nature, prisons are confined spaces unsuited for 'social distancing.' " Evdokimow v. Doll, No. 4:21-CV-00261, 2021 WL 767554, at *6 (M.D. Pa. Feb. 26, 2021). Nevertheless, CDC guidelines specifically contemplate that individuals will be confined within prisons during the duration of this pandemic. See Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.

Here, Plaintiff generally alleges that Defendants Campbell, Clark, McDaniel and Encinas "reasonably should have known that AD-SEG C/O's Defendants Bueno, Gurolla, Anala, Tomzek, Alvarado, and Gutierrez's, deliberate indifference to adhering to, obeying, and enforcing, 1 COVID SAFETY and CLEANING PROTOCOL of disinfecting the shower after each inmate use for more than a year…." (ECF No. 23, Am. Compl. at 21.)  More specifically, Plaintiff contends that Defendants working in the administrative segregation unit did not clean and disinfect the inmate showers, but instead assigned inmates to do so in exchange for extra food.  However, Plaintiff fails to provide factual allegations as to how the cleaning that occurred was deficient or how the deficient cleaning/lack thereof subjected him to a serious risk of harm.  While the prison did not implement all recommended measures to protect against COVID-19, Plaintiff's allegations demonstrate that efforts were made in an attempt to limit the spread of COVID-19. While such measures may have fallen short of what the CDC or Plaintiff recommended, they do not demonstrate deliberate indifference to Plaintiff's health and safety.

Plaintiff also contends that Defendants Allison, Gipson, Clark, and McDaniel removed the COVID screening station at the entrance of the prison which allowed employees to enter who were potentially positive for the virus.  Plaintiff appears to argue that the failure to test for COVID-19 satisfies the subjective prong of deliberate indifference, but Plaintiff's claim must be more than conceivable, it must be plausible to survive screening.  See Atlantic Corp. v. Twombly, 550 U.S. at 570. Furthermore, a focus on an individual decision, such as testing, "ignores the 'key inquiry' " in the subjective prong analysis of a deliberate indifference claim, which is "whether

9

the defendants 'responded reasonably to the risk.' " Dykes-Bey, No. 21-1260, 2021 WL 7540173, at *3 (quoting Wilson, 961 F.3d at 840–41); see also Young v. Whitmer, No. 21-2648, slip order at 5 (6th Cir. Apr. 5, 2022) (same); accord Maney v. Brown, 464 F. Supp. 3d 1191, 1213 (D. Or. 2020) (where plaintiff alleged that in March 2020 "nobody is getting temperature checks," finding that policy of testing only symptomatic inmates did not rise to level of deliberate indifference); Wragg v. Ortiz, 462 F. Supp. 3d 476, 506 (D.N.J. 2020) (finding that where a "prison only tests those inmates who exhibit symptoms and are then determined eligible for testing by medical staff[,]" officials were not deliberately indifferent).  Plaintiff fails to allege facts sufficient to demonstrate that the removal of the "screening station" subjected him to a serious risk of harm, beyond his mere speculation.  Other than stating that the screening station was removed, Plaintiff provides no additional factual specificity as to what other measures were taken or that the station was intentionally removed. Plaintiff merely suspects that the removal of the screening station may have contributed to his contracting COVID in January 2022.  At most, the removal of the screening station may demonstrate negligence, which does not amount to deliberate indifference. See Farmer, 511 U.S. at 835.

Plaintiff also contends that staff labeled as "rovers" were moved among several different facilities contributing to the spread of COVID.  However, any specific risk appears purely speculative. Plaintiff does not allege that they faced an increased risk of contracting COVID-19 due to the staffing assignments, nor does Plaintiff allege facts demonstrating that Defendants knew of and disregarded any such risk. Certainly, any purported risk was not so obvious as to permit the inference that Defendants were aware of it at the time. See Hope v. Pelzer, 536 U.S. 730, 738 (2002).

Plaintiff further contends that CSP-COR failed to implement the filtration system pursuant to a memorandum issued in March 2022 by Defendants Gipson and Bick.  As an initial matter, the March 2022 memorandum addressed returning to indoor group activities and stated that "normal group attendance, to include visiting, shall resume if the following criteria are met:" (1) facility is in open phase of the roadmap to reopening, (2) all attendees wear protective masks at all times while in the group, and (3) a free-standing High Efficiency Particulate Air (HEPA)

filtration or Do-It-Yourself (DIY) MERV-13 unit appropriate for the size of each group space is located in the group space and operational or a combination thereof.  See https://www.cdcr.ca.gov/covid19/return-to-normal-capacity-for-indoor-group-activities-programming-and-visiting.[1]  Plaintiff fails to demonstrate that all the criteria were met or that prison officials were deliberately indifferent by failing to implement the HEPA or MERV-13 filtration system.  Nor does Plaintiff provide factual allegations as to how the lack of the filtration system subjected him to a serious risk of harm.  Plaintiff presents only vague and conclusory allegations as to the March 2022 memorandum.

Lastly, simply knowing about the risks of COVID-19 to prisoners, having access to opinions from national public health experts, such as from the CDC, and possible knowledge of the number and manner of all prisoner deaths is insufficient to support a conclusion that Defendants were deliberately indifferent to Plaintiff's safety.  To state a cognizable Eighth Amendment claim, Plaintiff must provide more than generalized allegations that Defendants did not do enough regarding disinfecting, masking, or prison movement to control the spread. See Booth v. Newsom, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); see also Blackwell v. Covello, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of COVID-19 in the prison); McKissick v. Gastelo, No. 2:21-cv-01945-VAP (MAA), 2021 WL 2895679, at *5 (C.D. Cal. Jul. 9, 2021) (plaintiff "must provide more than generalized allegations that Defendants have not done enough to enforce six-feet social and living distancing, or provided sufficient cleaning supplies, in order to control the spread of COVID-19"); Foster v. Shirley, 2021 WL 2457655, at *3 (E.D. Cal. June 16, 2021) (plaintiff must allege more than generalized allegations regarding what the warden did not do to control the spread of COVID-19). The question is not whether Defendants could do better—the question is whether Defendants acted with indifference to the risks posed by COVID-19. States another way, the key inquiry is not whether Defendants perfectly responded, complied with every CDC guideline, or whether the

---

[1] The Court takes judicial notice of the March 2022 memorandum as it is referenced and relied upon in Plaintiff's second amended complaint.  United States v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011).

efforts ultimately averted the risk; instead, the key inquiry is whether Defendants "responded reasonably to the risk." See Stevens v. Carr, No. 20-C-1735, 2021 WL 39542, at *4 (E.D. Wis. Jan. 5, 2021); accord Benitez v. Sierra Conservation Center, 1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (same); Sanford v. Eaton, No. 1:20-CV-00792 BAM (PC), 2021 WL 3021447, at *8 (E.D. Cal. July 16, 2021) (same).

In this instance, some measures were in effect. The fact that those measures did not result in a perfect response and Plaintiff contracted COVID-19, does not make Defendants liable. See, e.g., Greer v. Caravajal, No. 5:22-cv-00334-VBF-JDE, 2022 WL 4826513, at *9 (C.D. Cal. June 30, 2022) ("When examining whether a prison official subjectively acted with deliberate indifference to the risk of COVID-19, the key inquiry is not whether the official perfectly responded, complied with every CDC guideline, or whether his efforts ultimately averted the risk"); Jones v. Sherman, No. 1:21-1093-ADA-EPG, 2022 WL 783452, at *8 (E.D. Cal. Mar. 11, 2022) ("the failure to follow certain COVID-19 guidelines, without more, is insufficient to satisfy the subjective prong of the deliberate indifference standard"). Indeed, several courts within the Ninth Circuit have concluded that the failure by a prison to implement CDC policies did not constitute deliberate indifference under the Eighth Amendment. See Barnett v. Gastelo, No. 1:22-cv-04070-RGK-JDE, 2022 WL 4292344 (C.D. Cal. Aug. 22, 2022) (concluding that the prison's failure to follow CDC COVID-19 guidelines did not amount to deliberate indifference in light of the fact that the staff undertook other reasonable measures); Hall v. Allison, No. CV 21-1520-JFW(E), 2022 WL 3013162, at *9-*10 (C.D. Cal. July 18, 2022) (concluding that the plaintiff failed to state a claim for deliberate indifference on account of the facility's failure to follow CDC guidelines on social distancing and prisoner housing); Hernandez v. Covello, No. 2:21-cv-01948 DB P, 2022 WL 1308194, at *4 (E.D. Cal. May 2, 2022) (concluding that a generalized claim that the warden did not do enough "to permit social distancing in prisons is insufficient to establish the more culpable state of mind of deliberate indifference"); Lucero-Gonzalez v. Kline, 464 F. Supp. 3d 1078, 1090 (D. Ariz. 2020) (concluding that the "[t]he very fact" that the defendants enacted policies to respond to COVID-19 "supports that they have not been subjectively indifferent to the risks posed by COVID-19" to inmates).

Accordingly, because the first amended complaint fails to allege sufficiently that the Defendants were deliberately indifferent under the Eighth Amendment, it must be dismissed.  The Court finds granting further leave to amend would be futile, as Plaintiff has previously been granted leave to amend and his factual allegations do not give rise to an Eighth Amendment violation.  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("[a] district court may deny leave to amend when amendment would be futile"); Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without further leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 6, 2024**

UNITED STATES MAGISTRATE JUDGE