UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>TAMMY CAMPBELL, et al.<br><br>  Defendants. | No.  1:22-cv-01549-JLT-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION AND DISMISSING ACTION<br><br>(Doc. 25) |

The plaintiff complains that he contracted COVID 19 in January 2022 while housed in Administrative Segregation at California State Prison, Corcoran. He asserts that he contracted the disease due to the failure of the prison to employ the protective measures, which had been recommended by the CDC and adopted by the CDCR in 2020.

The magistrate judge issued Findings and Recommendations recommending the action be dismissed for failure to state a cognizable claim for relief.  (Doc. 25.)  Plaintiff objected by filing an 85-page document and a request for judicial notice.  (Docs. 30, 31.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case.  Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Notably, the Magistrate Judge recognized the core concern of the operative complaint, as set forth above. However, the Magistrate Judge determined that accepting the Plaintiff's

1

allegations as true, the failure to tie any particular failure to his contracting the disease. Also, ignored by plaintiff is the fact that at the onset of the pandemic in 2020, the guidance provided by the CDC was frequently inconsistent and, in retrospect, wrong. In 2020, the situation was new and the government was struggling to respond, and even the CDC has admitted that it did a poor job in communicating accurate information. The fact that plaintiff contracted COVID—as did millions of people worldwide—is insufficient to impose liability on the defendants. Indeed, plaintiff notes that he was offered and received the COVID vaccination in February/March of 2021, soon after the vaccine first became available and nearly a year before he contracted the disease.

Though he points to particular failures of the defendants, such as not consistently enforcing the requirement to screen visitors and others entering into the facility, is contrary to information learned after the early days of the pandemic, of which the Court takes judicial notice, that infected people could communicate the disease even without symptoms. Likewise, the allegation that the defendants failed to ensure that showers were sanitized after every inmate used it, does not explain how or whether this caused Plaintiff's illness[1]. Finally, his argument made in his objections that staff members did not always wear face masks or other PPE while in the housing unit, again, does not establish that *these* defendants were deliberately indifferent to the risk of harm.

1. The Findings and Recommendations issued on March 7, 2024 (Doc. 25) are **ADOPTED** in full.
2. This action is **DISMISSED** for failure to state a cognizable claim for relief.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **August 13, 2024**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

---

[1] It is well known that the virus has to enter into the person's body to infect them. There is no allegation in the complaint that merely standing on a surface, especially a shower where it is constantly washed down through the water running from the shower head, could cause a person to be infected with the COVID virus.